UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INDIANA REGIONAL COUNCIL ) | |
| OF CARPENTERS PENSION TRUST ) | |
| FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 2:01 CV 542 |
| ) | |
| ABLE BUILDERS, INC.; EDWARD ) | |
| LANGEL; and EDWARD LANGEL ) | |
| d/b/a ABLE BUILDERS; ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs have brought this motion for partial summary judgment as to their claim against defendant Able Builders, Inc., only,[1] to recover contractually and statutorily owed delinquent contributions and deductions. For the reasons set forth below, plaintiffs' motion is **GRANTED**.

## I. BACKGROUND

On March 7, 1994, Edward Langel, the president and owner of defendant Able Builders, Inc., signed a contract (the "Contract") with plaintiff Northwest Indiana

---

[1] Plaintiffs' complaint also named defendant Edward Langel, both as an individual and as one doing business as Able Builders. However, due to Langel's bankruptcy proceedings, all actions against defendant Langel have been stayed. (*See* Notice of Filing Bankruptcy, docket # 36). Unless otherwise specified, for purposes of this order "defendant" refers to defendant Able Builders, Inc., only.

District Council of the United Brotherhood of Carpenters and Joiners of America (the "Union"). In the Contract, defendant agreed to recognize the Union as the sole collective bargaining representative for defendant's employees. (Pls.' Mot. Summ. J. Ex. A). The parties also agreed to adopt the Union's "Master Agreement," which explains the relative rights and duties of the employees, the Union, and employers like defendant. (*See* Pls.' Mot. Summ. J. Ex. A, B). Section 3 of the Master Agreement provides that employers must periodically pay dues to the Union and contribute to several employee trust funds (the "Trust Funds").[2] Dues and contributions are calculated per employee work hour. (Pls.' Mot. Summ. J. Ex. B, § 3). Section 8 of the Master Agreement further provides that in the event of an employer's failure to make its required monthly payments, the employer will be assessed interest, liquidated damages, and all costs and expenses, including reasonable attorneys' fees and court costs, incurred in efforts to collect the delinquent amounts. (Pls.' Mot. Summ. J. Ex. B, § 8(c), (i)).

Plaintiffs claim that defendant failed to make the required monthly payments to the Trust Funds and the Union. (Pls.' Mot. Summ. J. 6-8). Plaintiffs allege that under provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132

---

[2] The Trust Funds (specifically the Indiana Regional Council of Carpenters Pension Trust Fund, Indiana Regional Council of Carpenters Defined Contribution Plan, Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program, United Brotherhood of Carpenters & Joiners of America National Health & Safety Fund, and United Brotherhood of Carpenters & Joiners of America National Apprentice Fund) are also plaintiffs in this case.

and § 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, they are entitled to collect these delinquent payments, along with other costs and fees. (Pls.' Mot. Summ. J. 5-6). Plaintiffs sent defendant the notice of motion for summary judgment that this district requires be mailed to *pro se* litigants. (Notice, docket # 38). Defendant's answer does not admit to any liability (*see generally* Defs.' Answer), and defendant failed to respond to plaintiffs' motion for summary judgment.

On August 15, 2005, the court ordered both plaintiffs and defendants to file a status report by September 15, 2005. (Order, docket # 40). Plaintiffs complied and filed a report, informing the court of bankruptcy proceedings involving defendant Langel. Plaintiffs' report also indicates that defendant Langel mailed plaintiffs a copy of IRS Form 966, Corporate Dissolution or Liquidation, but that the Indiana Secretary of State still lists the corporation as active. (Pls.' Status Report, docket # 41, at 2-3). None of the named defendants in this case have responded to the court's order to submit a status report, nor have they informed the court that defendant Able Builders, Inc., has been dissolved.

## II. LEGAL STANDARD

The FEDERAL RULES OF CIVIL PROCEDURE require that the court grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

3

matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. FED. R. CIV. P. 56(e); *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). "[T]he adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986).

Under the local rules of this district, "[i]n determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file." LOCAL R. 56.1(b). "Thus, to the extent a non-moving party fails to object to the moving party's statement of material facts, this Court will construe the non-moving party's silence as admissions and take the uncontested facts from the movant's brief as admitted to exist without controversy." *Williams v. CSX Transp., Inc.,* No. 1:03CV-348-TS, 2005 WL 1845173, at *2 (N.D. Ind. July

4

27, 2005). In this case, defendant failed to respond to plaintiffs' motion for summary judgment. Thus, the court accepts plaintiffs' "Statement of Material Facts Not in Dispute."

### III. DISCUSSION

*A. Delinquent contributions to the Trust Funds*

Plaintiffs first argue that under ERISA, the Trust Funds are entitled to recover money that defendant should have contributed according to the terms of the Master Agreement, plus interest, liquidated damages, and audit fees. The court finds that there is no dispute that defendant Able Builders, Inc., the Trust Funds, and the agreement made between them regarding contributions are subject to ERISA.

The language of the Master Agreement requires defendant to make monthly payments to the Trust Funds. (Pls.' Mot. Summ. J. Ex. B, § 3(b)-(f), (i)-(k)). Plaintiffs allege, and defendant fails to contest, that defendant failed to properly make these payments. Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA further provides that an employer who fails to abide by its promise to contribute funds will be liable for the following:

> (A) the unpaid contributions,

>    (B) interest on the unpaid contributions,
>    (C) an amount equal to the greater of–
>       (i) interest on the unpaid contributions, or
>       (ii) liquidated damages provided for under the plan
>          in an amount not in excess of 20 percent (or such
>          higher percentage as may be permitted under
>          Federal or State law) of the amount determined by
>          the court under subparagraph (A),
>    (D) reasonable attorney's fees and costs of the action, to be
>       paid by the defendant, and
>    (E) such other legal or equitable relief as the court deems
>       appropriate.

29 U.S.C. § 1132(g)(2). In other words, "ERISA essentially imposes a federal obligation on employers who contractually agree to contribute to employee pension plans. Employers who fail to meet the Section 1145 obligation are liable for federal remedies, court costs, attorney's fees, and liquidated damages or interest under 29 U.S.C. § 1132(g)(2)." *Sullivan v. Cox*, 78 F.3d 322, 325 (7th Cir. 1996). The provisions of § 1132(g)(2) are mandatory, and the aforementioned damages must be awarded when judgment is rendered against the delinquent employer. *Gilles v. Burton Constr. Co.*, 736 F.2d 1142, 1144 (7th Cir. 1984).

In January of 2004, plaintiffs conducted an audit of defendant's payroll, which revealed that defendant owed the Trust Funds a total of $2,952.07 in delinquent contributions, interest, liquidated damages, and audit fees. (Pls.' Mot. Summ. J. Ex. D). Plaintiffs have submitted an affidavit of the payroll auditor who issued the audit report attesting to the validity of that report. (Pls.' Mot. Summ. J. Ex. D). Defendant has not contested the audit results. The court therefore finds that defendant is delinquent in the

6

amount stated in that audit report and that the audit report provides the proper measure of damages. *See Chi. Dist. Council of Carpenters Pension Fund v. P.M.Q.T., Inc.,* 169 F.R.D. 336, 344-45 (N.D. Ill. 1996) ("Defendants never produced documents to refute the Auditor's Report. Defendants' failure to provide any documents to disprove the auditor's findings provides an independent basis for this Court's determination that the Auditor's Report is the proper measure of damages."); *see also Laborers' Pension Fund v. Milco Constr., Inc.,* No. 99 C 0374, 2000 WL 1372846, at *4 (N.D. Ill. Sept. 22, 2000).

*B. Delinquent deductions (union dues and assessments)*

Plaintiffs also argue that defendant owes the Union dues and assessments that defendant should have deducted from employee paychecks and paid to the Union pursuant to the Master Agreement incorporated by the Contract. The LMRA permits labor organizations to bring suits against employers for contract violations in federal court. 29 U.S.C. § 185.[3]

Section 3 of the Master Agreement requires defendant to pay the Union dues in the form of a carpenter working assessment, a savings/vacation assessment, and a market recovery fund assessment. (Pls.' Mot. Summ. J., Ex. B, § 3(b)(g), (h), (l)).

---

[3] Plaintiffs' action to recover union dues and assessments is not tied to ERISA because union dues and assessments are not "plan assets" governed by ERISA. *See* 29 C.F.R. § 2510.3-102(a); *see also LoPresti v. Terwilliger,* 126 F.3d 34, 41 (2d Cir. 1997) ("To the extent that the Trustee's conversion claim is premised upon the failure of the Terwilligers to tender to the Union the withheld dues, however, ERISA does not preempt that particular claim. That is so because, as noted earlier, admittedly the Union dues were not 'plan assets' subject to ERISA.").

7

Plaintiffs argue, and defendant fails to contest, that defendant has breached these provisions. The Market Agreement states that when an employer fails to timely pay deductions and contributions, "he shall be assessed interest and liquidated damages." (Pls.' Mot. Summ. J., Ex. B, § 8(c)). Plaintiffs provide an audit report showing that defendant owes $764.43 in delinquent deductions, and an affidavit of the Union's secretary who issued the audit report attesting to the validity of that report. (Pls.' Mot. Summ. J. Ex. E). Defendant has not contested the results of this audit. The court therefore finds that defendant is delinquent in the amount stated in that audit report and that the audit report provides the proper measure of damages.

## IV. CONCLUSION

For the foregoing reasons, the court finds there is no genuine issue of material fact remaining for trial. Therefore, plaintiffs' motion for partial summary judgment against defendant Able Builders, Inc., only (docket # 39) is **GRANTED**.

**SO ORDERED.**

**ENTER:** October 6, 2005

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT